**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jose Roberto Jimenez Quintana,
Petitioner,
v.
Markwayne Mullin, Jr., et al.,
Respondents.

No. CV-26-06304-PHX-EJM

**ORDER**

This action under 28 U.S.C. § 2241 challenges Petitioner's immigration detention. Petitioner alleges he entered the United States without inspection and has remained in the United States since that time. In March 2026, Petitioner was arrested and detained by Immigration and Customs Enforcement (ICE) officials. Petitioner alleges his detention violates his Fifth Amendment rights; his detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A); and immediate release is the only remedy "capable of fully curing Petitioner's ongoing constitutional injury." Petitioner seeks immediate release from immigration custody.

In their Response (Doc. 7), Respondents state they "do not oppose Petitioner's request for a bond hearing."

The Court finds that Petitioner is not "seeking admission" such that he is subject to detention under § 1225(b)(2)(A). *See Vazquez v. Bostock,* 183 F.4th 1160, 1172 (9th Cir, Jul 30, 2026) (Section 1226 governs inadmissible and deportable aliens present in the interior of the United States); *Hernandez Alvarez v. Warden, Federal Det. Center Miami*,

175 F. 4th 1258, 2026 WL 1243395 (11th Cir. May 6, 2026); *Castanon-Nava v. U.S. Dep't of Homeland Security*, 175 F. 4th 828, 2026 WL 1123250 (7th Cir. May 5, 2026); *Cunha v. Freden*, 175 F. 4th 61, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). Further, because Respondents do not address the issue of whether Petitioner's detention violates due process, or Petitioner's argument that release is the appropriate remedy, the Court finds the arguments waived. *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"); *cf. Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment.").

The Court will therefore grant the Petition and order Petitioner's immediate release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

(2) Respondents must **immediately release** Petitioner from custody under the same conditions that existed before his detention.

(3) Respondents must provide a notice of compliance within **two days** of Petitioner's release.

. . . .

. . . .

(4) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 12th day of September, 2026.

Eric J. Markovich
United States Magistrate Judge